UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-21981-CIV-UNGARO/SIMONTON

CARLOS TRENHS,

    Plaintiff,

v.

FAST TRACK PAVING, INC., and
LAWRENCE CALABRESE,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE WITNESS AND AFFIDAVIT

This cause is before the Court upon Plaintiff's Motion to Strike Witness and Affidavit (DE # 28). Defendants have filed a Response in Opposition to the Motion (DE # 41) and Plaintiff has filed a Reply (DE # 42). The District Court Judge has entered an order referring this matter to the undersigned (DE # 31).

**I. BACKGROUND**

This action was initiated on June 16, 2010, when Plaintiff Carlos Trenhs filed a Complaint on behalf of himself and all other similarly situated, against Defendants Fast Track Paving, Inc., and Lawrence Calabrese, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, for failing to pay Plaintiff overtime wages (Count I) and minimum wages (Count II) as required by the FLSA (DE # 1). In addition, Plaintiff asserted a common law conversion claim (Count III). According to the Complaint, Plaintiff worked as a heavy equipment hauler for the Defendants from about 2006 though approximately February 9, 2010 (DE # 1 at 2).

Defendants filed an Answer and Affirmative Defenses on July 18, 2010, wherein they asserted, among other things, "Defendants are exempt from the FLSA overtime

requirements as Plaintiff falls within the motor carrier exemption under the FLSA." (DE # 6 at 5).

On September 15, 2010, the Honorable Ursula Ungaro, the District Court Judge assigned to the case, entered a Scheduling Order which set the discovery deadline date for January 14, 2011 and the summary judgment motion deadline for February 4, 2011 (DE # 10). Plaintiff timely moved for partial summary judgment seeking, *inter alia*, a Court ruling that Defendants were not entitled to claim the Motor Carrier Exemption (DE # 20).[1] In particular, Plaintiff asserted that "Defendant cannot prove (as required to invoke the 'MCA' exemption) that the goods that it handled passed through interstate commerce and that the Plaintiff substantially assisted in delivering the goods to their final destination." (DE # 20 at 10).[2]

On February 22, 2010, Defendants filed an opposition to Plaintiff's Summary Judgment Motion that included two affidavits, one from Defendant Lawrence Calabrese (DE # 25-1), and one from non-Party Troy Weekley (DE # 25-2). Defendants cited to both Affidavits in opposing Plaintiff's argument regarding the Motor Carrier Exemption. Specifically, Mr. Weekley's Affidavit states that he is the owner of Weekley Asphalt Paving, Inc., a company that produces asphalt using materials that are shipped from Louisiana to Port Everglades, and then to the Weekley Asphalt plant in Pembroke Pines,

---

[1]The Motor Carrier Exemption is one of the FLSA exemptions to the overtime pay requirement and applies to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49," 29 U.S.C. § 213(b)(1). The employer has the burden of proving the applicability of the FLSA exemption. *Klinedinst v. Swift Inv., Inc.*, 260 F.3d 1251, 1254 (11th Cir.2001).

[2] Defendants also filed a Motion for Summary Judgment but did not raise the Motor Carrier Exemption in that Motion (DE # 22).

Florida (DE # 25-2).  Mr. Weekley further provides that the product is not delivered by Weekley but is taken to Fast Track job sites via independent truck operators. *Id.*  It is undisputed that prior to the Defendants' February 22, 2010, Opposition to Plaintiff's Summary Judgment, Defendants had never disclosed Mr. Weekley as a witness to Plaintiff.

In addition, Defendants have identified Troy Weekley on their Witness List as a witness that Defendants expect to call at trial (DE # 38).

Plaintiff has filed the instant Motion seeking to strike Troy Weekley's Affidavit from the record and to strike Mr. Weekley as a witness in this case, due to Defendants' failure to disclose Mr. Weekley as a witness either in their initial or supplemental disclosures as required by Federal Rule of Civil Procedure 26, and prior to filing Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment (DE # 28).

In Response, Defendants argue that Plaintiff only seeks to have Mr. Weekley stricken as a witness because Mr. Weekley's Affidavit is fatal to Plaintiff's claim regarding the inapplicability of the Motor Carrier Exemption (DE # 41).  For support of this argument, Defendants point to their other belatedly disclosed witnesses that Plaintiff does not seek to strike. However, in the Response, Defendants do not dispute Plaintiff's assertion that Mr. Weekley was not disclosed as a witness prior to the Defendants' filing their Opposition to Plaintiff's Motion for Summary Judgment, which was five weeks after the discovery deadline established in the Scheduling Order.  In addition, Defendants provided no reason for their late disclosure and have not sought an extension of the discovery deadlines.

## II. LAW & ANALYSIS

### A. Rule 26 (a)(1)

Rule 26(a) (1) of the Federal Rules of Civil Procedure requires parties to make Initial Disclosures to each other very early in the proceedings, and requires that names and contact information of any individuals "likely to have discoverable information" that can support a claim or defense in the case be disclosed. Fed. R. Civ. Pro. 26(a)(1)). The Rule also states the following regarding supplemental disclosures:

> A party who has made a disclosure under Rule 26(a) -must supplement, or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

Fed.R.Civ.P. 26(e). Thus, pursuant to this Rule, Defendants had an obligation to supplement their disclosures and identify additional witnesses to Plaintiff "in a timely manner." In addition, Rule 37, Failure to Make Disclosures or to Cooperate in Discovery; Sanctions, provides, in relevant part,

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless...

Fed.R.Civ.Pro. 37(c)(1). In this case, there is no dispute that Defendants failed to timely disclose Mr. Weekley as a witness. Rather, Defendants did not disclose Mr. Weekly until they filed their Response in Opposition to the Plaintiff's Motion for Partial Summary Judgment on February 22, 2011. This disclosure was made more than a month after the

4

discovery deadline date of January 14, 2011 set by Judge Ungaro.  Also, although Defendants disclosed Mr. Weekley three days prior to the deadline for filing the Joint Pretrial Statement which lists Defendants' trial witnesses, the disclosure still cannot be considered timely, when the identity of Mr. Weekley was known by Defendants far in advance of the discovery deadline date, yet Defendants inexplicably did not disclose that information to Plaintiff.

Indeed, there is no reason why Defendants, who raised the Motor Carrier Exemption in their Affirmative Defenses filed in July of 2010, should not have been aware of Mr. Weekley as a potential witness in this matter.  This is especially so given that the Affidavit of Defendant Lawrence Calabrese, which was also filed by Defendants in Opposition to Plaintiff's Motion for Summary Judgment, indicates that Fast Track Paving purchases its asphalt form Weekley Asphalt Paving, Inc., and that Plaintiff Carlos Trenhs often drove his dump to Weekley Asphalt and "picked up and delivered asphalt to its final destination of behalf of Fast Track." (DE # 25-1).  Thus, the Defendants have offered no reason why they did not disclose Mr. Weekley as a witness prior to filing their Opposition, and thus this failure is inexcusable.

Further, despite Defendants' argument to the contrary, it is of no moment that Plaintiff has not sought to strike other witnesses that were also belatedly disclosed by Defendants.  Nor is it relevant that Plaintiff elected not to take other depositions in this matter.  Simply put, Defendants were obligated to disclose Mr. Weekley prior to the close of discovery and in a timely manner, Defendants failed to meet this obligation, and have failed to demonstrate that this failure was substantially justified.

Finally, it is clear that the failure to disclose Mr. Weekley sooner has prejudiced Plaintiff because Plaintiff has not had an opportunity to depose or otherwise obtain

information through the discovery process about Mr. Weekley or the statements made in his Affidavit.  Similarly, because Defendants did not disclose Mr. Weekley until after the close of discovery, Plaintiff has not had the opportunity to conduct follow-up discovery in order to refute Mr. Weekley's likely trial testimony.  Indeed, Defendants contend in their Opposition to the Motion to Strike that, "Mr Weekley's testimony is fatal to Plaintiff's case as it proves the motor carrier exemption" (DE # 41 at 2).  Discovery has been closed now for over two months, and the Pretrial Conference is set for April 1, 2011.  In addition, as stated above, Defendants have not sought to extend the discovery deadlines in an effort to cure the prejudice resulting from the untimely disclosure.  As such, under the facts of this case, Defendants' unexplained and unexcused tardy disclosure of Mr. Weekley is not harmless.  Moreover, the undersigned is without authority to alter the deadline dates set in the Court's Scheduling Order.[3]

Therefore, for the above reasons, and pursuant to the applicable Federal Rules of Civil Procedure, Mr. Weekley's Affidavit is stricken because he was not timely disclosed as witness in this matter. *See FTC v. Peoples Credit First, LLC*, No. 8:03 CV 2353 T 17TBM, 2005 WL 1785219 (M.D.Fla. July 26, 2005) (striking declaration of witnesses first disclosed in defendant's opposition to motion for summary judgment where witnesses should have been disclosed earlier and defendant did not offer acceptable justification for failure to do so).   For the same reasons, Mr. Weekley is also stricken as a trial witness in this matter.

   III. **CONCLUSION**

Accordingly, it is hereby

---

[3] **If Defendants seek to alter or enlarge the dates set by Judge Ungaro's Scheduling Order, they must do so by separate motion.**

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Witness and Affidavit (DE # 28) is **GRANTED**.  The Affidavit of Troy Weekley submitted in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment (DE # 25-2) is hereby stricken and Mr. Troy Weekley is stricken as a witness in the trial of this matter.

**DONE AND ORDERED** in chambers in Miami, Florida, on the 25th day of March, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge

All Counsel of Record